IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALENTIN MALDONADO-ALAMEDA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-57 |
| | § | Criminal No. B:14-465-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 8, 2017, Petitioner Valentin Maldonado-Alameda filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is plain from the record that the petition is legally meritless.

### I. Procedural and Factual Background

On June 17, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Maldonado-Alameda for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Maldonado-Alameda, Criminal No. 1:14-465-1, Dkt. No. 6 (hereinafter "CR").

#### A. Re-Arraignment

On July 8, 2014, Maldonado-Alameda appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 11.

---

[1] While the indictment alleged that Maldonado-Alameda had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Maldonado-Alameda's guilty plea. CR Dkt. No. 11.

On October 16, 2014, the District Judge adopted the report and recommendation, accepting Maldonado-Alameda's plea of guilty. CR Dkt. No. 25.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Maldonado-Alameda was assessed a base offense level of eight. CR Dkt. No. 20, pp. 4-5. He was also assessed a 16-level enhancement for two prior crime of violence convictions – a 1991 state conviction for aggravated assault of a police officer and a 1995 conviction for aggravated assault. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Maldonado-Alameda was assessed a total offense level of 21. Id.

Regarding his criminal history, Maldonado-Alameda had six adult criminal convictions and was assessed 14 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 20, pp. 5-11. A base offense level of 21 and criminal history category of VI, produced a sentencing guideline imprisonment range of 77 to 96 months.

On December 16, 2014, Maldonado-Alameda was sentenced to 78 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 29. The judgment was entered on December 19, 2014. Id.

**C. Direct Appeal**

Maldonado-Alameda timely filed a notice of direct appeal. CR Dkt. No. 31. On direct appeal, Maldonado-Alameda's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 29. On December 5, 2015, the Fifth Circuit granted appellate counsel's motion to withdraw and dismissed Maldonado-Alameda's appeal, finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States. Therefore, Maldonado-Alameda's conviction became final on March 14, 2016, when the time for filing such a petition expired. Clay v. U.S., 537 U.S. 522, 532 (2003).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 8, 2017, Maldonado-Alameda timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Maldonado-Alameda raises – for the first time – the claim that the definition of "crime of violence" used in the sentencing guidelines is void for vagueness, under the rationale of Johnson v. U.S., 135 S.Ct. 2551 (2015). Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Maldonado-Alameda seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case

conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Maldonado-Alameda's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

Maldonado-Alameda asserts that the "crime of violence" definition used in the Sentencing Guidelines is void for vagueness under the rationale of Johnson. This claim is foreclosed by case law.[2]

On March 6, 2017, the Supreme Court – considering the language Maldonado-Alameda challenges – held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Beckles v. U.S., __U.S.__, 137 S. Ct. 886, 890 (2017). This decision forecloses any argument seeking to apply the effect of Johnson to the language contained in the Sentencing Guidelines. Accordingly, Maldonado-Alameda's attempt to attack the "crime of violence" enhancement as being void for vagueness must fail. Accordingly, the claim should be denied.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that the Petitioner Valentin Maldonado-Alameda's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

---

[2] The Court notes that Johnson had already been decided at the time that Maldonado-Alameda's appeal was pending. Thus, when the Fifth Circuit decided that Maldonado-Alameda's appeal presented no non-frivolous issues, it may have decided by implication that Johnson's holding was inapplicable to this case. Given that Maldonado-Alameda's claim is directly foreclosed by applicable Supreme Court precedent, the Court need not decide whether the Fifth Circuit already decided this issue on direct appeal.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Maldonado-Alameda's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Maldonado-Alameda's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 25, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge